Sᴛ. Lᴏᴜɪs Sᴏᴜᴛʜᴡᴇsᴛᴇʀɴ Rᴀɪʟᴡᴀʏ Coᴍᴘᴀɴʏ ᴏғ Tᴇxᴀs v. R. E. Hᴀᴡᴋɪɴs.

Decided March 14, 1908.

**1.—Pleading—Substance—Exception.**

In a suit against a railroad company for personal injuries received by reason of a defective crossing at a public street, pleading considered, and held

to show that the real and controlling acts of negligence alleged were that the defendant had permitted its roadbed at the crossing to become defective and dangerous to the traveling public, and said pleading was not subject to an exception on the ground that it required the defendant to maintain its crossing in a manner not required by law.

### 2.—Pleading—Multitudinous Injuries.

In a suit for personal injuries an exception to a petition on the ground that, "by reason of the multitudinous injuries alleged, the allegation has the effect to mislead the defendant, and to conceal from the defendant the real injuries which the plaintiff will attempt to prove," must be overruled, since the court cannot know, in advance of its introduction, that the evidence will not sustain all the allegations.

### 3.—Trial—Improper Remarks—Reversible Error, When.

It is only when the verdict is against the preponderance of the evidence that an Appellate Court will ordinarily hold that improper remarks of counsel constitute reversible error.

### 4.—Improper Evidence—Not Reversible Error, When.

Upon the issue of notice to a defendant railroad company of the defective condition of a crossing in a suit for personal injuries received at such crossing, the admission of testimony as to notice of the defective condition of said crossing, given to an agent of the defendant who was not shown to be the proper party to receive such notice, was harmless error, if error at all, when the defendant itself introduced testimony showing that the crossing was in bad condition, and had been so for several months, and that defendant's section men, whose duty it was to keep the railroad track in repair, passed over the crossing in question every day.

### 5.—Charge—Omission—Practice.

Where the charge of the court is supposed to be defective in quoting the pleadings or stating the issues to the jury, it is the duty of the party considering himself aggrieved to cure the defect by a requested instruction; failing in this, he cannot complain on appeal.

### 6.—Pleading—Charge—Construction.

In a suit for damages for personal injuries received at the crossing of a public thoroughfare over a railroad track, by reason of certain specified defects in said crossing, charge considered, and held incapable of a construction which would authorize a recovery because of any other defects in said crossing except those substantially alleged.

### 7.—Charge—Negligence—Contributory Negligence—Submission of Issues.

Where, in a suit for personal injuries, the defendant pleads contributory negligence of the plaintiff, the issues of negligence and contributory negligence should be separately and distinctly submitted. The submission of the one issue should not be encumbered with conditions as to the other.

### 8.—Pleading—Charge—Verdict—Presumption.

In a suit for personal injuries, under an instruction that plaintiff was entitled to recover if his wife "was injured in any or all of the parts of her person, or ways as alleged in plaintiff's petition," it must be presumed, in the absence of anything showing the contrary, that the jury observed the instructions given them and considered, in arriving at their verdict, no injury not shown by the evidence to have been sustained by plaintiff's wife, although plaintiff in his petition alleged multitudinous injuries.

### 9.—Railroad Crossing—Contributory Negligence—Question of Fact.

Whether or not a person is guilty of contributory negligence in selecting a route across a railroad which proved to be dangerous, instead of a safe route, is ordinarily a question of fact for the jury. In order that an act may be deemed negligent *per se*, it must have been done contrary to a statutory duty, or it must appear so opposed to the dictates of common prudence that a

court can say, without hesitation or doubt, that no careful person would have committed it.

### 10.—Personal Injuries—Future Consequences—Charge.

In this State an injured person is entitled to recover not only for such future consequences as are reasonably certain to result, but also such as will reasonably and probably result from the injuries. Charge on the measure of damages considered and approved.

### 11.—Verdict—Signature of Foreman.

While our statute requires that the verdict shall be signed by the foreman of the jury, it does not expressly require that the word "foreman" shall be attached, and a verdict is sufficient if signed without such designation. In case of an issue as to who was in fact the foreman, the court may properly enquire and determine.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*E. B. Perkins* and *Templeton, Crosby & Dinsmore,* for appellant.— The court erred in overruling defendant's first special exception to plaintiff's amended original petition, and in thereby holding, in effect, that it was the duty of the defendant to construct a street crossing over its railroad in a particular manner, and to place planks between the rails and on either side of the rails. Barton v. Anderson, 1 Texas, 97; Lewis v. Hatton, 86 Texas, 535.

The court erred in overruling the defendant's third special exception to plaintiff's amended petition, and in thereby holding that the multitudinous injuries to plaintiff's back, spine and hip alleged in the petition did not, in fact, tend to conceal from the defendant the injuries which plaintiff would attempt to prove, and in thereby holding that said allegations did not tend to mislead the defendant and to conceal from the defendant the injuries which plaintiff would attempt to prove at the trial. Lewis v. Hatton, 86 Texas, 535; Mims v. Mitchell, 1 Texas, 447; Barry v. Screwmen's Association, 67 Texas, 254.

When in the course of a trial of a case wherein damages for personal injuries are claimed the defendant requests the privilege of an examination of the injured party to be made by experts, it is improper and prejudicial to the defendant for plaintiff's counsel to make speeches and statements to the court in the presence of the jury, and, while refusing to grant the privilege of examination, to charge bad faith against defendant in making the request and to state that they were willing and had consented that a particular physician whom they said was retained as surgeon for the defendant might make the examination. Chicago, R. I. & T. Ry. Co. v. Langston, 92 Texas, 714.

The introduction to the paragraph of the court's charge complained of is a marshalling in consecutive form of every fact and circumstance that goes to sustain plaintiff's cause, altogether omitting defendant's theory, and thus is a presentation of the facts on which plaintiff relies in such a way as to give them a prominence to which they are not entitled, to the injury of the defendant. New York & T. L. Co. v. Gardner, 25 S. W. Rep., 739.

The defendant owed no duty to the public to construct a railway crossing over a street with planks or with any other particular material, and it was error for the court in submitting plaintiff's theory of the case to quote from plaintiff's petition and to state as one of the grounds of negligence charged against the defendant that the defendant had failed to construct a street crossing with planks, and this error is emphasized by the fact that it appeared from the uncontradicted evidence that this particular street crossing was never at any time constructed with planks. Gulf, etc., Ry. Co. v. Younger, 29 S. W. Rep., 949; Ry Co. v. Scott, 27 S. W. Rep., 827.

It was error for the court to instruct the jury that plaintiff was entitled to recover if his wife "was injured in any or all of the particulars of her person or ways as alleged in plaintiff's petition" and not to confine plaintiff's right to recover to such injuries as were alleged and supported by proof, because there were a great variety and number of injuries alleged which were wholly unsupported by evidence. Texas & Pacific Ry. Co. v. French, 86 Texas, 100; Denham v. Trinity Co. Lumber Company, 73 Texas, 84; Cook v. Dennis, 61 Texas, 248; Western U. Tel. Co. v. Kendzora, 77 Texas, 258; Atchison, T. & S. F. Ry. Co. v. Grant, 6 Texas Civ. App., 678.

The court erred in refusing to give to the jury defendant's special charge No. 2, which said charge is as follows: "If you find from the evidence that Harry Penniwell called plaintiff's attention to the condition of the crossing where the alleged accident occurred before the accident happened, then the plaintiff would be guilty of negligence as a matter of law in driving on the crossing with knowledge of its condition, and would not be entitled to recover, and you should return a verdict for the defendant." The evidence raised the issue submitted in said charge, and said charge is a correct statement of the law applicable to the facts, and it is nowhere given in substance by the court. Gulf, C. & S. F. Ry. Co. v. Gasscamp, 69 Texas, 547; City of Erie v. Magill, 101 Penn. State, 616; City of Centralia v. Krouse, 64 Illinois, 19; Wilson v. Charlestown, 90 Mass., 8 Allen, 137.

If a traveler have notice of a dangerous condition of a road and then drive over it at a time when it is so dark that he could not see where he is going, he is guilty of negligence per se. Perry v. Cedar Falls, 87 Iowa, 315; McNish v. Peekskill, 91 Hun, 324, 36 N. Y. Supp., 1022.

The court erred in refusing to give to the jury defendant's special charge No. 9, which said special charge is as follows: "If you find from the evidence that plaintiff caused the horse he was driving to approach and go onto the crossing where the alleged accident occurred at a rate of speed which caused the buggy wheels to strike the rails with sufficient force to throw his wife out of the buggy, and that a person of ordinary prudence situated as he was and with the knowledge he had of the condition of the crossing, would not have so driven on the crossing, then he, plaintiff, would be guilty of negligence that would bar a recovery by him herein and you should return a verdict for the defendant." This special charge is a correct statement of the law applicable to the facts in evidence; and it ought to have been

given to the jury. Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 639; St. Louis S. W. Ry. Co. v. Casseday, 92 Texas, 528; Texas & Pac. Ry. Co. v. Reed, 88 Texas, 446; Planters Oil Co. v. Mansell, 43 S. W. Rep., 915; Gulf, C. & S. F. Ry. Co. v. Smith, 87 Texas, 354.

In suits for personal injuries, compensation can lawfully be granted only for such future damage as it is reasonably certain that the injured party will suffer in the future; mere probability of future suffering does not authorize a recovery. 2 Sherman & Redfield on Negligence, sec. 743, and notes; Strohm v. N. Y. & Lake Erie Ry. Co., 96 N. Y., 305; White v. Milwaukee Ry. Co., 61 Wis., 536; Clark v. Nevada Land Company, 6 Nevada, 203; Cameron v. Union Tr. Line, 10 Washington, 507.

The court erred in entering judgment upon the verdict returned by the jury. The verdict returned by the jury was not signed by the jury, and does not purport to have been signed by a foreman of the jury, but the verdict is signed thus: "W. M. Arnold, F. M." Revised Stats., art. 1323; Douglas v. Baker, 79 Texas, 507; Traylor v. Townsend, 61 Texas, 144; McConkey v. Henderson, 24 Texas, 214.

*B. Q. Evans* and *J. S. Sherrill,* for appellee.

TALBOT, Associate Justice.—Appellee brought this suit to recover damages for personal injuries alleged to have been sustained by his wife through the negligence of appellant. It was alleged, substantially, that on July 4, 1906, and for many years prior thereto, the defendant railway company, owned and operated a railroad through the city of Greenville, in Hunt County, Texas; that said railroad crossed King Street in said city, which was a public street and highway; that it was the duty of the defendant when it constructed its railroad across said street to restore said street to its former state or to such state as not to unnecessarily impair its usefulness and to keep said crossing in repair; that on the said 4th of July, 1906, said crossing was defective and out of repair and was dangerous to persons attempting to cross said railroad on said King Street by any of the usual methods of travel, which was known to defendant, but unknown to plaintiff or his wife before the time of the injuries complained of; that the rails and ties extended up several inches above the surface of the dirt or railroad bed so that when vehicles were passing the wheels thereof would strike against the ties and rails thereby causing a severe jolt and jar to such vehicles rendering the use of said crossing hazardous to the traveling public. It was further alleged that the defendant had neglected and failed to place any planks or other hard substance between the rails or on either side of the rails, or on the ties on said crossing, and had permitted the dirt and ballast to become worn away and removed; that the usual and ordinary crossing of railroads over and across public streets or highways in the city of Greenville, Hunt County, Texas, and elsewhere, consists of planks placed between the rails, and one plank on the outside of each rail with dirt ballasting thrown upon the approaches to such crossings; that on the night of July 4, 1906,

plaintiff and his wife, while traveling in a buggy drawn by a gentle horse, approached defendant's railroad over King Street in said city and when the track of said road was reached the wheels of the buggy struck the rails and ties thereof and plaintiff's wife was thrown from the buggy to the ground and thereby seriously and permanently injured.

Defendant answered by general demurrer, special exceptions, general denial and pleas of contributory negligence and assumed risk. A trial by jury resulted in a verdict and judgment for plaintiff for the sum of $9000, and defendant appealed.

Appellant's first and second assignments of error are to the effect that the trial court erred in overruling its first and second special exceptions to appellee's amended petition, and in thereby holding, in effect: (1) That it was the duty of appellant to construct a street crossing in a particular manner and to place planks between the rails and on either side of the rails; (2) That it was the duty of appellant to construct the street crossing over its railroad in the manner such crossings were usually constructed in the city of Greenville. We do not think the court committed reversible error in either of these particulars. The real and controlling acts of negligence alleged were that appellant had permitted its roadbed at the crossing to become defective, out of repair and dangerous to the traveling public in that it had allowed the dirt, earth and ballasting of the same to be washed or worn away, leaving the iron rails and crossties of the track exposed and extending above the surface of the ground several inches. The allegations that appellant had failed and neglected to place planks on the crossing and that such was the usual method of constructing them in Greenville were not made, nor were they submitted to the jury, as separate and distinct grounds of negligence, and did not, we think, mislead the jury and cause them to believe that it was appellant's duty to construct or keep in repair the crossing in that particular manner, and that the failure to do so would render the appellant liable independent of, or without regard to the truth of the allegations that the rails and ties were exposed by the washing away of the dirt and ballasting and allowed to extend above the surface of the roadbed a sufficient height to become dangerous to those attempting to use the crossing.

Nor do we think the court's action in overruling appellant's third special exception to appellee's petition, to the effect, that "by reason of the multitudinous injuries alleged the allegation has the effect to mislead the defendant, and to conceal from the defendant the real injuries which the plaintiff will attempt to prove," constitutes reversible error. It is true, the injuries alleged are many, but we are not prepared to say that they are so numerous and so described as to have the effect claimed. The petition alleges the nature and character of the injuries and gives notice that proof of all will be offered. In such case we know of no rule that would justify the court in striking out the allegation of injuries because of the great number and variety of them. The court could not know, in advance of its introduction, that the evidence would not show that appellee's wife had sustained every injury alleged.

The sixth and seventh assignments of error complain of certain remarks made by appellee's counsel in the presence and hearing of the jury in response to a request by appellant for the privilege of having appellee's wife examined by physicians of ·their· own selection. It is contended that the remarks, and the manner accompanying them, were of such a character as impugned the motives of counsel for appellant in making them, greatly to the prejudice of appellant. We have carefully considered the matter and conclude that it may be safely said from what appears of record that the jury were not influenced by the remarks to the injury of appellant. The record shows that appellee's counsel in making the remarks complained of expressed a willingness to have the examination made by Dr. Becton, one of appellant's surgeons, and the examination was in fact made by him. Besides, we can not say that the verdict is against the preponderance of the evidence and it is only in such cases that the Appellate Courts will, ordinarily, hold that improper remarks of counsel constitute reversible error. It is true, this rule has not always been adhered to, but we see no good reason to depart from it in this instance.

The eighth assignment is that "the court erred in permitting the plaintiff's witness, G. L. Bennett, over objection of counsel, to testify that he had informed one D. W. Gregory of the condition of the railway crossing where plaintiff's wife was injured, when it had not been shown that the said Gregory was an agent of the defendant, or that he was such agent as had any control or supervision or care of any street crossing in the city of Greenville." It was shown that Gregory had been an agent of appellant, working in its office at Greenville, for several years. But if it be conceded that the testimony failed to show that he was charged with the supervision of the street crossings in that city, and, therefore, was not such an agent of appellant as that notice to him of the condition of the crossing would not charge appellant with such notice, still we think the admission of the testimony complained of is not reversible error. Certain of appellant's own witnesses testified that the crossing was in bad condition, and the testimony of the witness Taylor shows that the crossing had been in such condition for several months and that appellant's section men, whose duty it was to keep its railroad track in repair, passed over the crossing in question every day. The testimony of the witness Taylor is practically undisputed and if the admission of Bennett's testimony was error it resulted in no substantial injury to appellant.

The ninth assignment of error complains of that paragraph of the court's charge wherein certain facts alleged and relied on by appellee for a recovery are grouped, and the jury told that if they found said facts existed to· return a verdict for appellee, unless they found for appellant under other instructions given. The charge is long and its contents and the question raised by the assignment will be sufficiently disclosed by a statement of the grounds of objection to it and the discussion of them, without copying the charge. The objections to the charge are   (1) that the court therein quoted from the petition and set out plaintiff's theory of the case, but did

not set out or state the theory of the defendant; (2) that the defendant owed no duty to the public to construct a railway crossing with planks or any other particular material, and it was error in submitting plaintiff's theory of the case to state as one of the grounds of negligence charged against defendant, that it had failed to construct the street crossing with planks; (3) that said charge, after reciting the particulars of the defects charged, failed to instruct the jury that plaintiff's right to recover will be limited to injuries caused by the particular defects complained of in the petition, but instead of so instructing the jury, the charge, in effect, tells them that plaintiff would have a right to recover if the said crossing was not, for any reason, reasonably safe for the use of the traveling public; (4) that there is no statement in the paragraph of the charge to the effect that as a condition to plaintiff's right to recover the jury must believe that plaintiff was exercising ordinary care at the time he drove upon the crossing; (5) that the said charge authorized a recovery by plaintiff, if plaintiff's wife was injured in any or all of the parts of her person or ways, as alleged in plaintiff's petition, when there was not raised by the evidence any issue as to a majority of said injuries.

It is a sufficient answer to the first objection to say that the charge is not upon the weight of the evidence, and if appellant desired its theory of the case stated to the jury, or a fuller statement of the pleadings made, a request to that effect should have been made, and having failed to make such request it is in no position now to complain of the statement as contained in the court's general charge.

The second objection is not well taken. King Street was established before appellant's railroad was constructed, and, as said by appellee's counsel, the defendant owed the duty to the public to use ordinary care to construct a proper crossing over the street and such care to keep it in a reasonably safe condition. The evidence is sufficient to show that this duty had not been performed, and appellant did not, either by pleading or proof, offer to show that it had even attempted to make a proper crossing with planks or anything else; nor did it introduce any evidence tending to show what character of material should have been used in the construction and repair of the crossing, or that its duty, in the exercise of ordinary care in this respect, did not require of it the use of planks. Besides, the court did not submit, as a distinct act of negligence and ground of recovery, the failure of appellant to use planks in the construction or repair of the crossing. The jury were simply authorized by the charge to find for plaintiff in the event they found that the other essential facts stated existed, and that the crossing was defective and out of repair as alleged in the petition. And it was alleged in the petition that the crossing was defective in that appellant had permitted the dirt and ballasting to be washed away, leaving the iron rails and ties extended above the surface of the roadbed several inches. In view of these facts we think the charge was not error.

We think the third objection to the charge should be overruled. The particular part of the charge to which this objection is urged,

as pointed out by the proposition under the assignment, is as follows: "If you find from the evidence that at the time when it is alleged that plaintiff's wife was injured, the crossing at King Street was defective and out of repair." This is not a full statement of the charge upon the subject. The excerpt quoted is a part only of the paragraph of the court's charge to which all of the above stated objections are urged, and when taken in connection with other language of the paragraph and other portions of the court's charge, it is not at all likely the jury were misled thereby. In the paragraph in which the language complained of appears, and in again referring to the alleged defects of the crossing, the court says: "And if you further find that in causing or permitting the said crossing to become defective and out of repair, *as alleged in plaintiff's petition.*" (Italics, ours.) Again, in another paragraph of the court's charge the following language is used: "But if you find from the evidence that the said crossing was in an unsafe condition, *as alleged and claimed in plaintiff's petition* (Italics, ours), and you further find that its unsafe condition was known to the plaintiff or to his wife you will find for defendant." In the introductory part of the charge the defective condition of the crossing as alleged was fully stated, and the jury must have understood from the instruction given that they could consider no defect not alleged. Furthermore, it does not appear that there was any evidence whatever of any defect in the crossing not alleged.

Nor was the paragraph of the charge under consideration erroneous in that it authorized "the jury to find for plaintiff, without regard to whether or not the plaintiff was himself at the time of the injury exercising due care." Whether appellee was exercising ordinary care to protect himself or wife from injury in attempting to pass over the crossing at the time and in the manner he did, was a question of contributory negligence and matter of defense with which the affirmative charge, to which appellee was entitled in having his right to recover submitted to the jury, should not have been incumbered. The submission of that issue was properly reserved for another paragraph of the charge. Indeed, in the case of St. Louis S. W. Ry. v. Pares, 57 S. W. Rep., 301, a charge submitting the plaintiff's theory of the case in which the jury were required to find that he at the time of receiving his injuries was exercising ordinary care, was held to be erroneous, in that it imposed the burden of proof upon the plaintiff to show the absence of contributory negligence, and constituted reversible error.

The fifth ground of objection to the charge, as has been seen, is to the effect that said charge is erroneous in that it instructed the jury that plaintiff was entitled to recover if his wife "was injured in any or all of the parts of her person or ways as alleged in plaintiff's petition," instead of confining his right to recover to such injuries as were supported by proof. This objection to the charge has been pressed in this court with much zeal and ability, but we think the objection is not well taken. If the instruction here complained of, standing alone, was erroneous, the error was cured by a special charge requested by appellant and given. This special

charge reads as follows: "Even if you should find for the plaintiff you will not allow him anything on account of any of the injuries alleged in the petition to have been sustained by his wife except such injuries as have been shown by a preponderance of the evidence to have been in fact sustained by her." But in the absence of such special charge, we have held that a similar charge to the one in question was not erroneous, and our views upon the question have undergone no change. St. Louis S. W. Ry. v. Smith, 49 Texas Civ. App., ——. It must be presumed, in the absence of anything showing the contrary, that the jury observed the instructions given them and considered, in arriving at their verdict, no injury not shown by the evidence to have been sustained by appellee's wife.

The court instructed the jury, in the fourth paragraph of his charge, as follows: "But if you find from the evidence that the said crossing was in an unsafe condition, as alleged and claimed by plaintiff's petition, and you further find that its unsafe condition was known to the plaintiff or his wife at the time he attempted to drive over the same, and if you further believe that a person of ordinary prudence, situated as plaintiff was and with such knowledge as he or his wife had, would not have attempted to drive over said crossing, then you will find for the defendant."

The appellant requested a special charge to the effect that if the condition of the crossing was unsafe, and appellee knew it, then he was guilty of contributory negligence as a matter of law in attempting to drive over it. This special charge was refused and its refusal and the giving of the charge quoted, is assigned as error. We are of the opinion that the evidence did not warrant the giving of the special charge, and that the court's charge correctly applied the law to the facts of the case. There was some evidence that appellee knew of the unsafe condition of the crossing before the accident, and that Wesley and Stonewall Streets were the principal streets traveled south from the business part of the city of Greenville and were in better condition for driving at the time plaintiff's wife was hurt, than King Street; but in support of the assignment under consideration appellant does not quote any evidence showing that appellee and his wife could have as conveniently reached their destination over these streets as over King Street. In the case of City of Dallas v. Muncton, in passing upon a charge invoking an application of the doctrine here contended for, this court, speaking through Chief Justice Rainey, said: "Nor do we believe the court erred in refusing the special charge requested to the effect that if the said street was in an unsafe condition, which was known to plaintiff, and there were other streets he could have traveled to his destination, it was his duty to travel them, and he could not recover. The evidence did not warrant this charge. It was not sufficient to show that Ross Avenue was in such a condition as would require plaintiff, in the use of ordinary care, to depart from his customary route to adopt another." It is well settled in this State "that in order that an act shall be deemed negligent per se it must have been done contrary to a statutory duty, or it must appear so opposed to the dictates of common prudence that we can say, without hesitation or doubt,

that no careful person would have committed it." Gulf, C. & S. F. Ry. v. Gasscamp, 69 Texas, 545. Such can not be said of appellee's act in attempting to drive over the crossing. Whether he was guilty of negligence in attempting to do so at the time, in the manner and with the knowledge he had of the condition of the crossing, was a question of fact for the jury. Nor did the court err in refusing to give appellant's special charge No. 9 on this subject and made the basis of its twelfth assignment of error. This charge was sufficiently covered by the fifth paragraph of the main charge.

The thirteenth assignment of error questions the correctness of the court's charge on the measure of damages. The charge authorizes a recovery for physical and mental pain suffered by appellee's wife up to the time of the trial, "and such suffering, if any, of a like character as she will reasonably and probably suffer in the future as the result of her injuries." The use of the language "reasonably and probably" in the charge is criticised and the insistence made that "in suits for personal injuries, compensation can lawfully be granted only for such future damages as it is reasonably certain that the injured party will suffer in the future as a result of his injuries." The use of the words, "reasonably and probably," in expressing the rule in this State limiting the recovery of damages for future consequences of personal injuries to such as there is a reasonable probability of ensuing from such injuries, if not entirely accurate, was a sufficient compliance with the rule to avoid any misconception of it on the part of the jury. Supporting this view is the case of Lentz v. City of Dallas, 96 Texas, 258. In closing the opinion in that case the court said: "The court should also have given the charge requested by defendant, restricting plaintiff's recovery for future results of the injuries to such as would *reasonably and probably result.*" (Italics ours.) The proposition that compensation can be awarded for only such future damages as are "reasonably certain" to result therefrom, while recognized in some, if not most, jurisdictions, has been rejected in this State. Gulf, C. & S. F. Ry. v. Harriett, 80 Texas, 73; Cameron Mill & E. Co. v. ˙Anderson, 34 Texas Civ. App., 105. In the first case cited, the Supreme Court says: "Certainty means the absence of doubt, and the proposition means that the jury should be satisfied of their occurrence beyond a reasonable doubt. We think the evidence should show that there is a reasonable probability of the occurrence of future ill effects of the injury, and that it need show no more, in order to justify the jury in considering future consequences in estimating damages." We think it was very conclusively shown that Mrs. Hawkins' left leg was shortened as a result of the injuries she received and that her left hip was permanently injured. There were perhaps other injuries so shown to be permanent, and upon the whole we conclude that the failure of the charge under discussion to submit directly to the jury the question as to whether appellee's wife sustained permanent injury, is immaterial.

The court did not err in entering judgment upon the verdict returned by the jury. The signature of the foreman of the jury to

the verdict without the word "foreman" added, was a sufficient compliance with the statute. The statute declares that the verdict shall be signed by the foreman of the jury, but does not expressly require that the word "foreman" shall be attached. Certainly it can not be said then, when the statute does not require it, that the omission of "foreman" is fatal to the verdict. The verdict was signed "W. M. Arnold, F. M.," and if it can be said that the court could not judicially know that the letters F. M. were an abbreviation of the word "foreman," the fact that W. M. Arnold was the foreman of the jury was fully established by the evidence adduced upon a trial of that issue raised upon appellant's motion for a new trial. But, appellant contends that neither the court nor the parties litigant have any proper means of ascertaining who was the foreman of the jury, except from the signature which the statute requires the foreman to attach to the verdict. We do not concur in this contention. We do not think it was necessary to resort to this method of ascertaining that W. M. Arnold was foreman of the jury. Our conclusion is that the verdict was sufficient without it, but hold that the court could properly inquire into the matter or permit either party at interest to do so, as was done.

The evidence shows that the crossing in question was defective and dangerous, as alleged in appellee's petition; that this defective and dangerous condition was the result of appellant's negligence; that while appellee and his wife were attempting to drive over the crossing in their buggy, the wife, because of the defective condition of the crossing, was thrown from the buggy and thereby sustained serious and permanent injuries; that neither appellee nor his wife was guilty of contributory negligence, and that he has sustained damages in the amount awarded him by the verdict. The charge of the court very fully and fairly presented every material issue in the case, and after a careful examination and consideration of the record and each and all of appellant's assignments of error, we have been unable to discover, in our opinion, any reversible error. The judgment of the court below is therefore affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

We carefully considered, before the original opinion was written, all the questions presented by appellant's motion for a rehearing. We have again examined them upon the consideration of this motion with that care their importance demands, but see no good reason to depart from the views heretofore expressed. Appellant has also filed a motion asking a correction of some of our conclusions of fact and for additional conclusions of fact. In our original opinion the statement is made that "King Street was established before appellant's railroad was constructed." The testimony, upon this point, is not entirely clear, but upon a more careful examination of it, we conclude that King Street, where it crosses appellant's railroad, was not established and opened up until after said railroad was constructed.

In addition to the findings of fact to be found in the original

opinion, we find that appellee, about a week or ten days before his wife was injured, had been informed that appellant's railroad cross- ing over King Street was in a bad condition. That Wesley Street is the first regular street east of King Street and parallel to it, and that the principal travel is over Wesley and Stonewall Streets.

In this connection we will state that the appellant did not plead that appellee assumed the risk in attempting to drive over the cross- ing in question, in that there was another safe and as convenient a way by which he could have reached his destination, and knowing the unsafe condition of the crossing he chose the dangerous rather than the safe way. In stating, in the original opinion, appellant's pleas, it is said that it pleaded "assumed risk." Upon a more careful examination of the answer we find this statement to be incorrect. The plea was simply one of contributory negligence on the part of appellee. The motion for a rehearing is overruled.

*Overruled.*

Writ of error refused.