**ANDERSON et al. v. REICHART et al.**

**No. 13747.**

Court of Civil Appeals of Texas.
Fort Worth.

April 22, 1938.

Rehearing Denied May 20, 1938.

T. R. Boone, E. T. Duff, and Kearby Peery, all of Wichita Falls, for plaintiffs in error.

Tarlton Morrow, of Houston, George P. Gleeson, Milton Simon, and Mack & Mack, all of Fort Worth, for defendant in error Art Reichart.

Julian E. Simon and Mack & Mack, all of Fort Worth, for defendant in error Imperial Gasoline Corporation.

BROWN, Justice.

Appellant Anderson sued appellee Reichart for damages occasioned by a collision between the motor vehicle driven by appellant with that driven by appellee, and also sought to recover as against appellee's employer. Appellee by cross-action sought to recover damages from appellant and appellant's employer, who owned the motor vehicle driven by appellant.

The case being tried to a jury, in answer to special issues submitted the jury found that appellee was not guilty of negligence, but that appellant was negligent; that appellee was injured and suffered damages to his person and vehicle, but that appellant was not damaged by the collision. The jury found for both of the employers.

On the verdict, judgment was rendered in favor of appellee on his cross-action against appellant, for both personal injuries and damage done his automobile.

The appeal taken presents eleven assignments of error.

The first three complain of the admission of the testimony of the witness Monaghan concerning the value of appellee's car immediately before the accident and immedi-

ately afterward, and of the giving of the special issues predicated upon the reasonable cash market values at Wichita Falls, Tex., when no such values were proved.

The only testimony adduced to establish the proper measure of damages was from the lips of the witness Monaghan. He was dealt with on the basis of being an expert. He was not acquainted with the car in question. He never saw it before it was wrecked. He testified that he saw it in his place of business (in Wichita Falls) after it was injured. That he was a dealer in such cars. He was asked to "state to the jury the reasonable cash market value of that car in the condition it was in at the time you saw it in April, 1936." He answered: "Well, I would say about $175.00. I don't recall having seen the car prior to the collision." This witness was then asked: "That car, in the condition it was in, with 25 days of service, with approximately 5000 miles registered on its speedometer, with an extra sunvisor, six ply tires all around, extra tail light and spot light and radio and electric heater, I wish you would state to the jury what in your opinion, from your observation and your experience as an Oldsmobile dealer, would be the reasonable cash market value of that certain automobile, in first class running condition?" The witness answered: "At that time, I would say that car with that equipment on there should have been worth about $1075.00. Of course, those tires, I don't know what kind of tires or how much they cost—there are different priced tires you know. In my opinion, from this description I would think that the reasonable cash market value of the car was around $1075.00, because the car looked like a brand new automobile wrecked."

The objection made was that no proper predicate had been laid to offer such testimony; that one who has not seen the car and who does not kow what condition it was in cannot simply classify it generally, and is not qualified to give such testimony by a hypothetical question.

After the objections were overruled and the witness was permitted to answer as shown above, motion was duly made to exclude Monaghan's testimony concerning the value of the car before the accident, "because no proper predicate has been laid, and the witness has not been shown qualified to give it, and the circumstances are not such to permit that testimony to go to the jury."

The objection to the submission of the issues covering values pointed out to the trial court that the evidence does not justify or warrant the submission of the issues; that there was no evidence fixing the vicinity in which the market value of the car in question was proved; and that the issue as given assumes that the evidence warrants the submission of the reasonable cash market value of the car at Wichita Falls, when there is no evidence to justify or warrant the court in making such assumption.

The record discloses that the hypothetical question on values was based upon testimony given by appellee concerning his car.

Frankly, this is the first time we have ever seen the value of an automobile proved by asking a hypothetical question of a witness who is tendered as an expert.

We believe that the market value of an automobile may be testified to by an expert witness, on a hypothetical question, provided such witness can show that he is familiar with the market value of like cars, and provided further that testimony is given of the condition of the car in question immediately prior to its injury.

We say this because we do not believe a litigant could be deprived of all proof of the market value of his used car merely because no witness could be or was had, who had personal information concerning its condition, who could qualify as a witness on values.

There was no error in permitting the witness to testify to the value as an expert.

No effort was made to establish the reasonable cash market value of the car at Wichita Falls.

It is argued that the car was in Wichita Falls, the witness was in such city, and a resident of such city, and that the inference is inevitable that the witness was testifying to the value at such place.

The Court of Civil Appeals in Ara v. Rutland, 172 S.W. 993, so reasoned, and pointed out the facts that the evidence was received by the trial court without objection on the part of the opposing party that such testimony did not specifically state that the values thus testified to were values at the particular place. But a writ of error was granted and the Commission of Appeals, in an opinion adopted by the Su-

preme Court and entered as the judgment of such court, expressly approving the holding of the Commission on the question discussed, reversed and remanded the cause. 215 S.W. 445. The opinion discloses that the objection made was that the proffered testimony failed to meet the legal requirement necessary to establish the true measure of damages, and that such objection was raised in the motion for a new trial.

■ The true measure of damages in the case at bar is the difference between the reasonable cash market value of the automobile, at Wichita Falls, Tex., immediately before the accident, and that immediately afterward. ·

The Supreme Court held in the case of Ara v. Rutland, supra, that the testimony amounted to no evidence. That cause was tried to the court without the aid of a jury.

■ We think no other authority need be cited in support of our conclusions that the evidence of the expert witness Monaghan was not admissible, and the issues of values at Wichita Falls, Tex., should not have been submitted, there being no competent evidence to support them. See, also, Taylor County v. Olds, Tex.Civ.App., 67 S.W.2d 1102; Cox v. American Fire & Marine Ins. Co., Tex.Civ.App., 28 S.W.2d 899.

The assignment of error touching proof of market value at Wichita Falls is sustained. ·

■ The eighth assignment of error complains of the charge of the court in that it failed to limit the damages sustained by appellee to the pain and suffering proximately caused by the collision in question.

The issues and instructions are as follows:

"Issue Number 28. Do you find from a preponderance of the evidence that Art Reichart received any injuries to his body on the occasion in question?

"Issue Number 29. What amount of money, if any, if paid now in cash, do you find from a preponderance of the evidence would reasonably and fairly compensate the said Art Reichart for the injuries, if any, sustained by him on the occasion in question?

"In answering the above issue Number 29, you may state what sum of money, if any, if paid now in cash, you find from a preponderance of the evidence would fairly and reasonably compensate the said Art Reichart for the physical pain and suffering, if any you believe he has suffered since the date of receiving said injuries on the occasion in question, if he did receive same, up to the present time; and if you further believe from a preponderance of the evidence that he has not fully recovered from said injuries, if any, and if you so believe from the evidence that in reasonable probability he will in the future suffer physical pain and suffering as a direct result of said injuries, if any, received by him on the occasion in question, then you may take these matters into consideration in estimating the damages, if any you find."

The record discloses that in submitting the issues for appellant against appellee the trial court properly restricted the jury to "injuries, if any, sustained by him (Anderson) in said collision in question which · were directly and proximately caused by the negligence, if any, of Art Reichart," and to "the pain and suffering, if any, of J. T. Anderson which he sustained in the past as the direct and proximate result of such negligence, if any, on the part of Art Reichart."

But the charge in favor of Reichart and against appellant Anderson is not so restricted.

The quoted charge discloses that the jury is required to find the sum that would fairly and reasonably "compensate the said Art Reichart for the injuries, if any, sustained by him on the occasion in question," and the jury is instructed to "state what sum of money, if any, if paid now in cash, you find from a preponderance of the evidence would fairly and reasonably compensate the said Art Reichart for the physical pain and suffering, if any you believe he has suffered since the date of receiving said injuries on the occasion in question, if he did receive same, up to the present time."

We believe the objections to the giving of the charge are well taken.

The charge does not limit appellee's recovery to "physical pain and suffering * * * suffered since the date of receiving said injuries on the occasion in question * * * up to the present time". which were directly and proximately caused by either the collision, or by appellant's negligence.

As we view this charge, the jury could and had the right to award appellee for all physical pain and suffering endured by him since the collision and up to the day of the trial.

Appellee contends that such a charge as is here criticized has been approved in the following cases: Missouri, K. & T. Ry. Co. v. Nesbit, 40 Tex.Civ.App. 209, 88 S.W. 891; Mexican Central Ry. Co. v. Mitten, 13 Tex.Civ.App. 653, 36 S.W. 282; Galveston, H. & S. A. Ry. Co. v. Smith, Tex.Civ.App., 93 S.W. 184; and St. Louis & S. F. Ry. Co. of Tex. v. Hawkins, 49 Tex.Civ.App. 545, 108 S.W. 736, but we have read these cases carefully and do not find that they support the charge before us.

The charge of the court was criticized in Finck Cigar Co. v. Campbell, Tex.Civ. App., 114 S.W.2d 348, because it expressly limited the damages recoverable to those directly and proximately caused by the negligence of the party sought to be charged. Mr. Justice Speer, speaking for this court, said (page 351): "It would have been improper for the court to ask the jury to name the amount of damages suffered by appellee * * * without in some way limiting it to the proximate results of any wrongful acts of the appellant." A writ of error has been granted by the Supreme Court, but the assignment of error that moved the Supreme Court to so act was one touching the injection of the issue of insurance into the case.

We here expressly hold that in suits for damages it is necessary for the charge to limit the recovery to damages directly and proximately caused by the negligent act of the party sought to be charged therefor.

As to the criticism of the trial court's charge in submitting the issue of future suffering, we frankly say that the evidence is quite weak on that issue of fact, but we cannot say there is no evidence to warrant the issue.

The jury found, on appellee's admission, that he was guilty of negligence per se in driving his car at the rate of speed found, but found that such negligent act was not a proximate cause of the collision.

It is difficult for the writer to see how a negligent act of an actor, which of necessity enters into and takes place at the time of the happening of an event, can be said to be one that is not a proximate cause of the happening of the event. We are here speaking of active negligence which participates in and is a part of the chain of acts leading up to the event that is the culmination of acts of negligence committed by both parties to the event complained about.

But in this jurisdiction the issue of proximate cause is held to be in almost all instances one of fact for the jury, and we cannot say, in the light of the authorities in this jurisdiction, that the jury was without authority to pass upon the issue of proximate cause in connection with appellee's confessed negligent act.

The matters touched upon in the other assignments of error will not likely occur on another trial and we pretermit commenting upon them.

For the reasons given, the judgment of the trial court on the cross-action of Reichart v. Anderson is reversed and the cause is remanded, but the judgment in all other respects is affirmed.