**MOBILE HOUSING, INC., d/b/a Easy Living Mobile Homes, Appellant,**

**v.**

**James TAGUE, Appellee.**

**No. 17968.**

Court of Civil Appeals of Texas, Dallas.

Nov. 16, 1972.

Rehearing Denied Dec. 14, 1972.

J. C. B. Aler, Weinberg, Sandoloski & Hines, Dallas, for appellant.

William Shields, McCracken, Smith & Shields, Dallas, for appellee.

GUITTARD, Justice.

This suit was brought by a buyer against a seller to recover damages for misrepresenting the model year of a mobile home. The buyer recovered judgment for difference between what he paid for the property and its market value. The only evidence of the amount of this difference was the testimony of a dealer in mobile homes, who, though not familiar with the property in question, expressed the opinion that the difference was twenty-five per cent of the sale price. We hold such evidence to be factually insufficient to support the judgment.

Plaintiff James Tague bought a Grand Western mobile home from defendant Mobile Housing, Inc., when briefly employed as a salesman for defendant. He testified that defendant's agents represented to him that the mobile home was a 1970 model, and the sale contract so describes it. Several weeks after the sale, when he received the certificate of title from the state, he learned that the mobile home was not a 1970 model but a 1969 model. Defendant's evidence shows that in the mobile home industry a new model year does not necessarily indicate any change and that the only reason for using a model year is that such a designation is required by the Texas motor vehicle registration law. Defendant also showed that at the time of this particular sale there was no physical difference between a 1969 and a 1970 model Grand Western mobile home.

To prove damages, plaintiff presented the testimony of Harold Zemp, a competitor of defendant in the business of selling new and used mobile homes. Zemp had not seen the mobile home in question, nor had he seen any other Grand Western mobile home, so far as the record shows. When asked whether he could state the difference in price of a used 1970 Grand Western mobile home as opposed to a 1969 Grand Western mobile home, he replied that such a statement would have to be based on a cost factor, such as a wholesale price, which he did not have. However, he said he could establish the difference from the new purchase price by using a "rough figure of twenty-five percent," which, he said, was a "rule of thumb" he used, and

that this rule would apply "pretty much" in the mobile home industry, even if there was no physical difference between the two models. Zemp testified further that if he had a 1969 model on his lot and next day he brought in a 1970 model, he would sell the 1969 model for twenty-five per cent less, and in his business he had had to reduce the price twenty-five per cent several times because the title showed the mobile home was a year older. However, he could not recall any particular example of such a sale, nor could he bring any records to prove such transactions. He said that the "rule of thumb" was a fair trading practice in the mobile home industry.

 This evidence does not conform to established rules for proving the value of property by the opinion of an expert witness. In order to give an opinion on value, an expert must know the market value of similar property in the locality, and either he must be familiar with the property in question or it must be described to him in a hypothetical question based on facts proved. Topletz v. Thompson, 342 S.W.2d 151 (Tex.Civ.App., Dallas 1960, no writ); Anderson v. Reichart, 116 S.W.2d 772 (Tex.Civ.App., Fort Worth 1938, writ dism'd); 2 McCormick & Ray, Texas Law of Evidence § 1422 (2d Ed.1956); 3 Wigmore, Evidence §§ 711, 721 (Chadbourn rev. 1970).

Here the witness was not shown to be familiar with the mobile home in question or any similar mobile home. He never gave any opinion on the value of either a 1970 or 1969 model Grand Western mobile home. All he could do was to take the purchase price and use a "rough figure" or "rule of thumb" of twenty-five per cent, which he said applied "pretty much" in the industry, though he admitted that the percentage might be affected by the condition of the property at the time of sale. He did not testify that his "rule of thumb" would provide a reasonably accurate measure of the value of any mobile home of whatever description after appearance of a later model. Neither did he give a definite opinion that such a formula would provide a reasonably accurate estimate of the value of the mobile home involved here. The circumstances under which he said he had sold mobile homes for twenty-five per cent less than the original purchase price after a later model appeared were not shown to be comparable to the circumstances of this sale.

Although there was evidence indicating that the value of this mobile home could not be established by actual sales of units produced by the same manufacturer because Grand Western mobile homes had been available for sale only a few months, we see no reason why an expert familiar with the value of mobile homes in the locality could not make a reasonably accurate estimate of the value of this particular mobile home, based either on an inspection or in response to a hypothetical question. Such an expert might use such a "rule of thumb" in his appraisal if he found it helpful, but the evidence here does not show that it is sufficiently precise in itself to support a judgment for damages.

Reversed and remanded.