### TEXAS, NEW MEXICO & OKLAHOMA COACHES, Inc.

v.

### HILL.

No. 6359.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 4, 1954.

Rehearing Denied Feb. 1, 1954.

Klett, Bean & Evans, Lubbock, for appellant.

Nelson & McCleskey, Lubbock, for appellee.

NORTHCUTT, Justice.

This is an action for personal damages brought by Damon H. Hill, hereinafter referred to as plaintiff, against Texas, New Mexico & Oklahoma Coaches, Inc., hereinafter referred to as defendant. Plaintiff alleged that on or about January 19, 1952, he was a fare-paying passenger upon a bus owned and operated by the defendant, which bus was then being driven from Paducah, Texas, to Lubbock, Texas. Plaintiff was a teacher and coach at the Dunbar School in Lubbock, Texas. On or about January 18, 1952, the bus in question was hired to take the plaintiff and a group of boys and girls from Lubbock, Texas, to Vernon, Texas, to play basketball and after the games were played in Vernon the bus was to return them to Lubbock. On the return trip, the bus turned over and the plaintiff was injured.

The plaintiff brought this suit to recover for such injuries, alleging numerous acts of negligence on the part of defendant. The defendant answered denying it was negligent, and asserted that the plaintiff was negligent because he was moving about on his feet and was not sitting in the seats properly provided for passengers while travelling. The answer also pleaded unavoidable accident, and if not an unavoidable accident, the bus driver came to an unavoidable turn in the road which was wet and slick, and unexpectedly slippery and dangerous, as a result of the actions of the elements and other causes beyond the control of the defendant's bus driver; which intervening, unexpected, and unavoidable causes immediately and directly resulted in the accident and injuries in question, for which defendant was not responsible. The case was tried to a jury upon special issues. The trial court rendered judgment for the plaintiff upon the verdict of the jury. Defendant made and presented its motion for a new trial which was overruled by the court. Notice of appeal was properly given and this appeal perfected.

Appellant presents this appeal upon ten assignments of error. We will first con-

sider appellant's ninth assignment of error wherein it complains of the court's charge in connection with special issue No. 30 as follows: "What sum of money, if any, do you find from a preponderance of the evidence, if paid to the plaintiff in cash at this time, would compensate him for each of the following separately listed items of damages, as you may believe from a preponderance of the evidence he has sustained as a proximate result of the overturning of defendant's bus?" The charge then listed the items inquired about as a, b, c, d, e, f, g, and h. Appellant objected to this request because it failed to instruct the jury that in allowing any element of damages they could only allow such as reasonably and probably resulted from the accident or would probably result from the accident. Appellee acknowledges in his brief that there was reversible error committed in the language used in the subdivisions (d) and (f) of special issue No. 30. This entire special issue No. 30 was submitted together and we are unable to say that the jury distinguished the manner in which each of the sub-divisions was submitted. In sub-divisions (a) and (b) the Court used the word "reasonable". In deciding a similar point the Supreme Court in the case of Fisher v. Coastal Transport Co., 149 Tex. 224, 230 S.W.2d 522, 523, said:

"The courts have frequently had under consideration the question involved here, and have established a rule that will assure litigants every protection of their rights under the law. The courts have been zealous in safeguarding the rule, and have held that not only the testimony of witnesses, but also the charge of the court, with respect to recovery of damages for future pain and suffering and for future loss of earnings, should be restricted to damages which would reasonably and probably result from the injury sustained. Lentz v. City of Dallas, 96 Tex. 258, 72 S.W. 59; Fort Worth & D. C. Ry. Co. v. Taylor, Tex.Civ.App., 162 S.W. 967; Davis v. Kennedy, Tex.Civ.App., 245 S.W. 259; International & Great

Northern R. Co. v. Clark, 96 Tex. 349, 72 S.W. 584; City of Waco v. Teague, Tex.Civ.App., 168 S.W.2d 521; Wichita Transit Co. v. Sanders, Tex.Civ. App., 214. S.W.2d 810; St. Louis, Southwestern Ry. Co. of Texas v. Hawkins, 49 Tex.Civ.App. 545, 108 S.W. 736, writ refused.

\*　　\*　　\*　　\*　　\*　　\*

"This is an important rule, affecting the rights of litigants, and the courts are not in favor of whittling it down. That the instructions with respect to this rule should be faithfully adhered to is shown by many decisions of the courts. It is essential that our rules be stable, and it works no hardship on the courts or the litigants for them to be uniformly followed. The assessment of damages for future suffering at best involves elements of uncertainty; it is an attempt to estimate or predict what will happen thereafter. It is only fair and just that when the jurors are given this task they should be told plainly that they are limited to the bounds of reasonable probability and cannot wander at will in the realms of mere possibility:

\*　　\*　　\*　　\*　　\*　　\*

"In the recent case of Wichita Transit Co. v. Sanders, Tex.Civ.App., 214 S.W.2d 810, 814, the court said: 'The charge in connection with the issue reads: "In answering the foregoing Special Issue (No. 26) you may take into consideration only the physical pain and suffering, if any, suffered by plaintiff, Robert Lee Sanders, in the past, and such suffering and pain, if any, that he will suffer in the future, if you find and believe that he will suffer in the future." The criticism of the explanatory charge is that it did not contain language in connection with future pain and suffering, in some way limiting it to a reasonable probability. The point is well taken and upon another trial should be observed.'"

That part of Special Issue No. 30 above quoted does not ask the jury any-

thing concerning a reasonable probability. Sub-divisions (a) and (b) of the issue state "reasonable". Sub-divisions (d) and (f) state "may" and the other sub-divisions do not state either "may" or "reasonable". This could have confused the jury but regardless of whether it confused the jury it has been held in this state that with respect to recovery of damages for future pain and suffering and for future loss of earnings the charge of the court should restrict the recovery of damages as to what would be reasonable and probable. In the case of Wichita Transit Co. v. Sanders, Tex.Civ.App., 214 S.W.2d 810, 814, the court said:

> "The criticism of the explanatory charge is that it did not contain language in connection with future pain and suffering, in some way limiting it to a reasonable probability. The point is well taken and upon another trial should be observed. See Jacobe v. Goings, Tex.Civ.App., 3 S.W.2d 535, writ dismissed; Texaco Country Club v. Wade, Tex.Civ.App., 163 S.W.2d 219."

The trial court's charge should have limited the jury to the consideration of such damages as were reasonable and probable. Appellant's assignment of error No. 9 will be sustained.

■ Appellant, by its tenth assignment of error, complains of the court's charge in that such charge placed upon appellant too great a duty and improperly placed upon the appellant the duty to exercise a high degree of foresight. The trial court instructed the jury that the appellant was under a duty to exercise such high degree of foresight as to possible dangers and such a high degree of prudence in guarding against them as would be used by very cautious, prudent, and competent men under the same or similar circumstances, then instructed the jury that the term "negligence" as used in the special issues in the charge meant a failure, if any, to exercise that high degree of care. This places upon the appellant a greater degree of care than is necessary to define negligence. Appellant did not have to employ a man with a super ability to foresee what future conditions might exist or happen. The element of foreseeableness or anticipation of injury is essential in the definition of proximate cause but not in the definition of negligence. The Supreme Court in the case of Dallas Ry. & Terminal Co. v. Black, 257 S.W.2d 416, 417, discusses this point in detail. In such case, the trial court was requested to define proximate cause by using the expression " 'by a person in the exercise of a high degree of care in the light of the attending circumstances.' " The trial court refused to give such a definition. The trial court's refusal to so instruct the jury was objected to because as applied to the driver of the bus it failed " 'to encompass the high degree of care which such driver * * * must exercise in reasonably foreseeing * * * the result.' " The Supreme Court there stated, "We approve the trial court's action in overruling the objection to the definition of proximate cause and in refusing the requested definition." Appellant's assignment of error No. 10 is sustained.

■ We agree with the contention of appellant that the evidence as to the driver being tired and sleepy is an evidentiary fact to be considered by the jury in determining whether or not a person is guilty of some wrongful act, but the fact of being tired and sleepy alone would not convict him of negligence. We deem it unnecessary to pass on all of the assignments of error as they may not arise in another trial and especially since most of them have reference to the insufficiency of the evidence. For the reasons herein expressed, we sustain appellant's assignments of error Nos. 9 and 10 and reverse and remand the cause to the District Court.

Reversed and remanded.