## DAMON HILL v. TEXAS, NEW MEXICO & OKLAHOMA COACHES, INCORPORATED

No. A-4532. Decided October 20, 1954.
Rehearing overruled November 24, 1954.
(272 S.W. 2d Series 91)

582

Nelson & McCleskey, George E. Gilkerson and Geo. W. McCleskey, all of Lubbock, for petitioner.

The Court of Civil Appeals erred in holding that there was reversible error in the manner of submitting special issue regarding future earning capacity which would require plaintiff to prove the actual existence of the loss of future earning capacity rather than a mere reasonable probability thereof, and that it was reversible error for the definition of proximate cause to require of a carier of passenges that its driver exercise the high degree of foresight as would be used by a very cautious, prudent and competent person. Airline Motor Coaches v. Guidry, 241 S.W. 2d 203, writ of error refused, n.r.e.; McElroy v. Luster, 254 S.W. 2d 893, error refused; Dallas Ry. Co. v. Hallum, 276 S.W. 460, error refused.

Klett, Bean & Evans, Trout and Jones and E. L. Klett, all of Lubbock, for respondent.

In response cited Prudential Fire Ins. Co. v. United Gas Corp., 145 Texas 257, 199 S.W. 2d 767; Dallas Ry. & Term. Co. v. Black, 152 Texas 343, 257 S.W. 2d 419; Gulf, C. & S.F. Ry. Co. v. Hodges, 76 Texas 90, 13 S.W. 213.

MR. JUSTICE SMITH delivered the opinion of the Court.

Petitioner filed this suit against respondent for damages alleged to have been sustained when respondent's bus on which petitioner was riding as a passenger overturned. The jury found that the driver of respondent's bus was guilty of negligence and that his negligence proximately caused the overturning of the bus and resulting injuries sustained by petitioner. The trial court entered judgment for petitioner. On appeal by respondent, the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause for new trial. 266 S.W. 2d 412.

The Court of Civil Appeals has held the trial court committed reversible error with respect to the definition of negligence and proximate cause given in its charge. We overrule petitioner's point to the effect that respondent failed to state in its objection to the court's charge the grounds of its objection as required by Rule 274, Texas Rules of Civil Procedure. We have examined the objections to the trial court's charge and hold them sufficient to present the points of the objection to the definitions of "negligence" and "proximate cause."

The trial court's charge defined "negligence" as follows:

"You are further instructed that as a carrier of passengers the defendant was under a duty to exercise such a high degree of foresight as to possible dangers and such a high degree of prudence in guarding against them as would be used by very cautious, prudent and competent men under the same or similar circumstances; and you are further instructed that the term 'negligence' as used in these special issues in this charge means a failure, if any, to exercise this high degree of care as herein defined."

The definition of "proximate cause" as given in the charge was as follows:

"* * * the term 'proximate cause' as that term is used in the special issues in this charge means that cause which in its natural and continuous sequence produces a result that would not have occurred but for such cause, and which result or some like result ought reasonably to have been anticipated or foreseen by a very competent, cautious and prudent person in the light of the attending circumstances."

Respondent objected to both definitions on the ground that they placed upon the carrier a greater burden than that required by law. Respondent contends that the standard definition of ordinary care and proximate cause requiring a defendant to use such care as an "ordinarily prudent" person (or "reasonably prudent person") would use under the circumstances, no matter how dangerous the operation may be, is adequate and correct, and that an instruction requiring the carrier to use that "high degree" of care that a "very prudent" person would use obligates the defendant to do more than what is "reasonably" prudent under the circumstances.

■ The definition of negligence, in our opinion, is not subject to the objection urged by respondent. Rules 272, Texas Rules

of Civil Procedure, provides that the trial court in its charge shall only submit controverted questions of fact to the jury for its determination, and further provides that the court shall instruct the jury as to the law arising on the facts. The law imposes on carriers a very high degree of care for the safety of their passengers. The petitioner plead facts, which, if proved, presented material fact issues to be determined by the jury. In this case, material issues of fact were raised. Special issues were submitted, and the jury by its verdict found the respondent guilty of negligence in several respects, and further found that each act of negligence so found was a proximate cause of the overturning of the bus, and resulting injuries sustained by petitioner. Respondent contends that when the court correctly instructs the jury on "ordinary care," it is the province of the jury to decide what degree of care is "reasonably" required by the circumstances. In other words, respondent takes the position that carriers of passengers are not under a duty to use that high degree of care that a very prudent person would use in the light of attending circumstances. With this contention we do not agree. The definition of "negligence," as quoted above, and given in the court's charge, correctly states the law applicable to the facts in this case. Trinity & B. V. Ry. Co. v. McDonald, Texas Com. App., 208 S.W. 912; Dallas Ry. & Terminal Co. v. Menefee, Texas Civ. App., 190 S.W. 2d 150, writ refused, w.o.m.; Dallas Railway Co. v. Hallum, Texas Civ. App., 276 S.W. 460, writ refused; International & G.N. Ry. Co. v. Halloren, 53 Texas 46, 37 Am. Rep. 744; Fort Worth & D. C. Ry. Co. v. Kidwell, 112 Texas 89, 245 S.W. 667; Dallas Ry. & Terminal Co. v. Black, 152 Texas 343, 257 S.W. 2d 416.

■  The cases of Dallas Ry. Terminal Co. v. Menefee and Dallas Ry. Co. v. Hallum, supra, support our further conclusion that the trial court did not commit reversible error in defining proximate cause. Proximate cause was defined in these cases in substantially the same language as the definition given in the present case.

The respondent relies on the case of Dallas Ry. & Terminal Co. v. Black, supra, recently decided by this court, to support its contention that the definition of "proximate cause" given in the instant case was reversible error. In that case, the trial court defined "negligence" as applied to the Railway Company as meaning "a failure to exercise a high degree of care." The court defined "proximate cause" as it has been defined and approved in numerous cases. The respondent in that case objected to the definition because it failed to encompass the high degree of care

a carrier of passengers must exercise in reasonably foreseeing the result, and requested the court to include in its definition of "proximate cause" the words: " *'by a person in the exercise of a high degree of care* in the light of the attending circumstances.' " (Emphasis added.) The trial court refused the requested instruction. The question, therefore, before this court was: Did the trial court commit reversible error in failing to enlarge the definition as requested? In answering the question we did not hold that it was reversible error to include the requested enlargement of the definition of proximate cause. We held that it was not reversible error to refuse to define proximate cause so as to require "the defendant to exercise a high degree of care in foreseeing the result." It was clearly stated in the opinion that the requested instruction having been included in the definition of negligence would serve no good purpose to enlarge "the definition of proximate cause so as again to instruct the jury in that definition as to the degrees of care that the defendants respectively are required to use." We adhere to this conclusion; however, it does not necessarily follow that the inclusion of the words "anticipated or foreseen by a very competent, cautious and prudent person in the light of the attending circumstances" in the definition of proximate cause was reversible error. Since we have held that such words are appropriate to the issue of negligence, we do not believe that the inclusion of the identical words in the definition of proximate cause amounts to such a denial of the rights of the respondent as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the present case. See Rule 503, Texas Rules of Civil Procedure. We recognize that a fact situation could arise where it would be reversible error to include the element of high degree of care in the definition of proximate cause and in order to avoid possible error resulting in a reversal we hold that the element of high degree of care should be omitted. Its proper place is in the definition of negligence.

■ Petitioner further complains of the action of the Court of Civil Appeals in holding that the trial court committed reversible error in the form of submission of Special Issue No. 30, the damage issue. That issue reads as follows:

"What sum of money, if any, do you find from a preponderance of the evidence, if paid to the plaintiff in cash at this time, would compensate him for each of the following separately listed items of damages, as you may believe from a preponderance of the evidence he has sustained as a proximate result of the overturning of defendant's bus?"

a.—Reasonable and necessary expenses for treatment, in the past, of his injuries, if any: * * *

b.—Reasonable and necessary expenses for treatment, in the future, of his injuries, if any: * * *

c.—Physical pain and suffering, if any, experienced by plaintiff in the past: * * *

d.—Physical pain and suffering, if any, that may be experienced in the future by plaintiff: * * *

e.—Mental pain and suffering, if any, experienced by plaintiff in the past: * * *

f.—Mental pain and suffering, if any, that may be experienced by plaintiff in the future: * * *

g.—Loss, if any, of past earnings: * * *

h.—Loss, if any, of future capacity to earn money: * * *

The issue, in our opinion, with the exception of items *d* and *f*, limited the jury to an award of damages, if any allowed, to such as had been actually sustained or would be sustained in the future. The issue is more favorable to the respondent than to the petitioner, in that the petitioner was required to prove and secure a jury finding that he would in fact sustain a loss of future capacity to earn money as a proximate result of the injuries sustained. The respondent objected to the issue because it failed to instruct the jury "that in allowing any element of damages they can only allow such as reasonably or probably resulted from the accident or will probably result from the accident." The trial court correctly overruled the objection as to *a, b, c, e, g,* and *h.* Airline Motor Coaches, Inc. v. Guidry, Texas Civ. App., 241 S.W. 2d 203, writ refused, n.r.e.; Ynsfran v. Burkhart, Texas Civ. App., 247 S.W. 2d 907, writ refused, n.r.e.; McElroy v. Luster, Texas Civ. App., 254 S.W. 2d 893, writ refused.

■ Items *d* and *f* were subject to the objection urged, however, such items are severable and capable of definite and accurate ascertainment since each item was submitted separately and the error only affects these particular items. The petitioner conceded in the Court of Civil Appeals that items *d* and *f* were erroneously submitted and proffered a remittitur of the damages allowed

under such items. The Court of Civil Appeals refused to permit petitioner the right to remit and reversed the case. The remittitur should have been allowed. 3B Texas Jur., 564; Texas Employers' Ins. Ass'n. v. Lightfoot, 139 Texas 304, 162 S.W. 2d 929.

The Court of Civil Appeals states that it did not pass on all the assignments of error which included assignments as to the insufficiency of the evidence. We, therefore, reverse the judgment of the Court of Civil Appeals and remand the cause to that court for further consideration in accordance with this opinion.

Opinion delivered October 20, 1954.

Rehearing overruled November 24, 1954.