**TEXAS, NEW MEXICO & OKLAHOMA COACHES, Inc., Appellant,**

v.

**Damon H. HILL, Appellee.**

No. 6357.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 24, 1955.

Rehearing Denied Feb. 21, 1955.

Klett, Bean & Evans, Trout & Jones, Lubbock, for appellant.

Nelson & McCleskey, Lubbock, for appellee.

NORTHCUTT, Justice.

This case was previously before this court on appeal, 266 S.W.2d 412, and we held the case should be reversed and remanded because of the definition given on proximate cause but we did not pass on assignments of error as to the sufficiency of the evidence on other points. This court was reversed by the Supreme Court, 272 S.W.2d 91, and cause remanded to this court to pass upon the other assignments of error.

Appellee, Damon H. Hill, filed suit against appellant, Texas, New Mexico & Oklahoma Coaches, Inc. for personal injuries resulting from the overturning of a bus upon which appellee was riding as a paid passenger. The case was tried to a jury upon special issues submitted and judgment was rendered upon the verdict awarding the appellee damages in the sum of $18,200. From this judgment, appellant perfected an appeal. On the trial of this case, the trial court instructed the jury as to proximate cause as follows:

"You are further instructed that the term 'proximate cause' as that term is used in the special issues in this charge means that cause which in its natural and continuous sequence produces a result that would not have occurred but for such cause, and which result or some like result ought reasonably to have been anticipated or foreseen by a very competent, cautious and prudent person in the light of the attending circumstances."

The appellant presented its point 10 complaining of this definition and, on the previous hearing of this case, it was held by this court that such definition was a reversible error as is reported in 266 S.W.2d 412.

In our opinion, as expressed in 266 S.W.2d 412, we were relying upon the opinion in the case of Dallas Ry. & Terminal Co v. Black, 152 Tex. 343, 257 S.W.2d 416, 417. In the Black case, the trial court instructed the jury as to proximate cause as follows:

"'By the term "proximate cause," as used in this charge, is meant that cause, which in its natural and continuous sequence, produces a result that would not have occurred but for such cause, and which said result or some like result ought reasonably to have been foreseen or anticipated in the light of the attending circumstances.'"

The plaintiff in the Black case objected to that definition of proximate cause because it failed "'to encompass the high degree of care which such driver * * * must exercise in reasonably foreseeing * * * the result'" and requested the trial court to define proximate cause applicable to the conduct of the operator of the bus to mean:

"'that cause which in its natural and continuous sequence produces a result, and without which cause such result would not have occurred and which result or some similar result would not have been reasonably foreseen by a person in the exercise of a high degree of care in the light of the attending circumstances.'"

The trial court refused to give the requested charge and it was held by the Supreme Court that it was not error to refuse such charge. Since this case and also the Black case involved the driver of a bus hauling passengers, we were of the opinion that the plaintiffs in each case were entitled to a like definition defining proximate cause and that if the plaintiff in the Black case was not entitled to a charge embodying that high degree of care neither was the plaintiff in this case. The Supreme Court, in reversing this case and making its distinction between this case and the Black case, stated in reference to its ruling in the Black case as follows:

"The trial court refused the requested instruction. The question, there-

fore, before this court was: Did the trial court commit reversible error in failing to enlarge the definition as requested? In answering the question we did not hold that it was reversible error to include the requested enlargement of the definition of proximate cause. We held that it was not reversible error to refuse to define proximate cause so as to require 'the defendant to exercise a high degree of care in foreseeing the result'." [272 S.W.2d 93.]

but stated thereafter:

"We recognize that a fact situation could arise where it would be reversible error to include the element of high degree of care in the definition of proximate cause and in order to avoid possible error resulting in a reversal we hold that the element of high degree of care should be omitted. Its proper place is in the definition of negligence."

We are of the opinion that the plaintiff was either entitled to the charge given or he was not. If it should have been omitted, it was error to have given it. It does not appear to be a sound rule of law that the evidence or a fact situation in a case could either limit or extend the definition of a term of law such as proximate cause. Regardless of our personal opinion; however, we realize that the point of law here involved has been determined in this cause and we respectfully pass to the only questions in the case that were not passed upon by us in our original opinion.

All of the other assignments of error involved deal with either the assignments that there is no evidence to support the jury verdict or that such verdict is contrary to the overwhelming weight of the evidence as to the different issues submitted to the jury. We are of the opinion that there was sufficient evidence to sustain the findings of the jury that the bus was being driven at a rate of speed which, under the then existing circumstances, was dangerous; that the bus was being driven at a rate of speed in excess of 55 miles per hour; that the same was negligence and a prox-

imate cause of the accident; and that such findings were not against the overwhelming weight of the evidence. Judgment of the trial court affirmed.