Susano **FALCON** et ux., Plaintiffs-Appellants,

v.

**AUTO BUSES INTERNACIONALES,**
Defendant-Appellee.

No. 27578.

United States Court of Appeals
Fifth Circuit.

Nov. 12, 1969.

674

A. R. Archer, Jr., Monahans, Tex., for appellants.

John A. Grambling, Hardie, Grambling, Sims & Galatzan, El Paso, Tex., for appellee.

Before GEWIN, THORNBERRY and AINSWORTH, Circuit Judges.

GEWIN, Circuit Judge:

This diversity [1] case, like many other diversity cases is constructed of state (Texas) stone and federal mortar. Susano Falcon and his wife, Ana, brought suit in the United States District Court for the Western District of Texas seeking recovery for injuries sustained by Mrs.

---

1. It may be noted that this case is not strictly ordinary since its parties are citizens of the State of Texas and the Republic of Mexico respectively, and its jurisdictional foundation is 28 U.S.C. § 1332(a) (2), rather than the more usual, intramural provisions of § 1332 (a) (1)

Falcon while a passenger on the Auto Buses line. She claimed to have received a "whiplash" injury when the bus on which she was riding was struck from the rear by a private vehicle. At the close of the plaintiffs' case, the court directed a verdict for the defendant, stating that the evidence revealed no act of negligence on the part of defendant's driver which could have proximately caused the accident. Plaintiffs appeal from this judgment and we reverse.

On August 26, 1967, Ana Falcon, along with a group of her relatives, returned from a shopping trip in Juarez, Mexico to El Paso, Texas on board defendant's bus. While the bus was stopped or in the process of making a stop in El Paso on Paisano Street near the intersection with Cebada, it was struck from the rear by a 1964 Corvair driven by Enriquetta Alvarez. Mrs. Falcon was seated in the rear of the bus near the point of impact.

The collision occurred at a marked bus stop. Though it appears that it was not a regular stop for this particular bus, the driver would stop there when signaled by a passenger. Paisano is a six-lane thoroughfare, with three lanes of traffic on each side moving in opposite directions. The accident occurred around four p. m. when traffic was very heavy.

Other details of the accident remain the subject of speculation from contradictory testimony. The bus driver and Mrs. Alvarez testified that the bus had stopped completely before the collision. Three of the passengers testified that the bus was still moving at the moment of impact. The bus driver testified that the bus was standing about six inches away from the curb. All other testimony on this point placed the bus some distance from the curb, with estimates ranging from two feet to three paces.[2]

The driver testified that the bus had been stopped for ten or fifteen seconds before the collision and that in this time two passengers had alighted from the bus and a third was making his exit. He stated that during this time interval he was looking into his rear view mirror, in preparation for moving out into traffic, and observed the vehicle driven by Mrs. Alvarez approaching from "a good distance." From this observation, he testified that he had a "notion" that she would hit the bus and was "sort of prepared" for a collision. On the other hand, Mrs. Alvarez testified that she was only one compact-car length behind the bus when it stopped.

On these facts the plaintiffs emphasized three theories by which they contended the driver was negligent: (1) Aware of the traffic conditions on Paisano, he stopped his bus dangerously far from the curb;[3] (2) seeing the oncoming car, he made no effort to pull closer to the curb or otherwise avoid the collision; (3) while he was prepared for the impact, the driver made no warning to the passengers.[4] In granting defendant's request for a directed verdict, the court stated, " * * * I can't think of any negligent act that this defendant driver did to proximately cause the injuries this woman may have suffered. * * * "

2. Anita Gutierrez testified that, "It was plenty far away. We made about three steps before we could get to the curb." Pascual Falcon testified that "It could have been two or three or four feet [from the curb]." Sulenia Alvarez testified that the bus was, "About four feet [away from the curb], something like that." All these ladies were relatives of Ana Falcon and were traveling with her on defendant's bus.

3. The bus in question is about ninety-eight inches wide. In the collision the bus was damaged from the center of its rear end to the left side. The Alvarez car suffered damage to its right front. Mrs. Alavrez testified that she was attempting to get around the bus when she struck it. From these facts, plaintiffs argue that, had the bus been closer to the curb, the accident could have been avoided or the severity of the impact moderated.

4. In this regard, plaintiffs argued that a warning would have enabled Mrs. Falcon to brace herself against the impact and prevent the involuntary tossing which has filled so many plaintiff's tables.

In this case, like other diversity cases, we must pay due obeisance to Texas substantive law, but apply proper federal procedural standards. There is no necessary conflict in this process. In this Circuit the sufficiency of evidence to require jury submission is an adhesive question to be determined by federal standards.[5] According to the test recently enunciated by this court, " * * * if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury." [6]

In determining whether such substantial evidence exists in the present case, we must seek our substantive material at the quarry of Texas jurisprudence. Texas exacts a high order of care from common carriers toward their passengers, and the conduct of the bus driver in the present case must be viewed in this light. He was obliged, " * * * to exercise such a high degree of foresight as to possible dangers and such a high degree of prudence in guarding against them as would be used by very cautious, prudent and competent men under the same or similar circumstances." [7]

Under this extraordinary standard of responsibility it appears clear that there was warrant in the evidence for submission of the case to the jury. Viewing all the evidence, as we must, in the light most favorable to the plaintiffs and giving them the benefit of all reasonable inferences,[8] we think a verdict in their favor was possible. This approach to the evidence requires us to accept the factual conclusions urged by the plaintiffs that the bus had stopped several feet from the curb on a busy thoroughfare; and the driver, watching the oncoming vehicles, took no action other than bracing himself in striking and singular silence, against a danger he fully apprehended.[9] Of course, these conclusions are not mandatory and the jury could have rejected all of plaintiffs' theories of negligence. They might also have found that none of these alleged acts of negligence proximately caused [10] plaintiff's injuries. However, it was the jury's function, not ours and not the trial court's, to resolve the obvious conflicts in substantial evidence and to make reasonable inferences therefrom.

5. Boeing Co. v. Shipman, 411 F.2d 365, 368 (5th Cir. 1969); Leckbee v. Continental Airlines, Inc., 410 F.2d 1191, 1194 (5th Cir. 1969); Helene Curtis Industries, Inc. v. Pruitt, 385 F.2d 841, 850 (5th Cir. 1967).

6. Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969).

7. Hill v. Texas, N. M. & Okl. Coaches, Inc., 153 Tex. 581, 272 S.W.2d 91, 92 (1954), applied by this court in Garrett v. American Airlines, Inc., 332 F.2d 939, 944, 3 A.L.R.3d 930 (5th Cir. 1964).

8. Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969).

9. The high degree of care required of a common carrier under Texas law can encompass the duty to warn of foreseeable hazards to passengers. Brown v. American Airlines, Inc., 244 F.2d 128, 130, 61 A.L.R.2d 1108 (5th Cir. 1957).

As indicated earlier in this opinion, the bus driver testified as follows:

" * * * I saw this car coming at a distance, a good distance, and I had an opportunity to observe the car coming. I sort of got a notion, presented a notion, that he might hit me, I don't know why. * * * "

*    *    *    *    *

"Q. Were you hurt?
A. No, sir. I was sort of prepared for that collision."

10. It should be noted that, under Texas law, there may be more than one proximate cause of an injury. Thus, the fact that Mrs. Alvarez, who was not a party to the present action, may also bear legal responsibility for the accident does not of itself absolve the present defendant. Atchison v. Texas & P. Ry. Co., 143 Tex. 466, 186 S.W.2d 228, 231 (1945); Southwestern Greyhound Lines v. Wafer, 208 S.W.2d 614, 616 (Tex.Civ.App., 1948). For a general discussion of proximate cause in Texas law, see Leckbee v. Continental Airlines, Inc., 410 F.2d 1191 (5th Cir. 1969).

The jury, as reasonable and fair-minded men, could have concluded that the bus driver was negligent in stopping his bus so far from the curb, in failing to take any action to avoid the collision, or in not warning the passengers. They could also have found that any or all of the above acts of negligence constituted a proximate cause of the injury to Mrs. Falcon.

Reversed and remanded.