EL PASO CITY LINES, INC., Appellant,

v.

Richard BENJAMIN, Appellee.

No. 6073.

Court of Civil Appeals of Texas, El Paso.

Feb. 18, 1970.

Rehearing Denied March 11, 1970.

Kemp, Smith, White, Duncan & Hammond, William Duncan, El Paso, for appellant.

Joe A. Morgan, El Paso, Jake Johnson, Houston, Gus M. Hodges, Austin, for appellee.

## OPINION

WARD, Justice.

This is a personal injury case where the appellee's wife suffered injuries when the door on the appellant's bus closed on her ankle. Liability was admitted by the appellant, and the trial to a jury was limited to the damages only.

Appellant complains only of the form of submission of the damage issue which, with the jury's findings, is as follows:

> "What sum of money, if any, if paid in cash now, do you find would reasonably compensate the plaintiff, Ruth Benjamin, for each of the separately listed items of damages, if any, as you may find and believe from a preponderance of the evidence she has suffered as a proximate result of the occurrence in question?

> "A. Physical and mental pain and suffering, if any experienced by the plaintiff from August 20, 1966, to present date     $3,000.00

> "B. Physical and mental pain and suffering, if any which the Plaintiff may in reasonable medical probability suffer in the future as a result of the occurrence in question. $8,000.00

> "C. The reasonable value of such necessary medical expenses, if any, incurred by the plaintiff, Ruth Ella Benjamin, to date, as a proximate result of the occurrence in question. $ 174.00

> "D. Reasonable value of such necessary medical and hospital expenses, if any, which may in reasonable probability be incurred in the future by the plain-

> tiff, as a proximate result of the occurrence in question.     $1,000.00

> "E. The diminished earning capacity of Plaintiff, Ruth Benjamin, to work and earn money and to perform her duties from the date of the accident to the present, and in the future, if any, which she has and will reasonably and probably experience as a proximate result of the occurrence in question.     $5,000.00

Judgment was entered on this verdict for appellee for $17,174.00.

The objection made to the charge was that in submitting the elements of pain and disability in separate sub-paragraphs of the damage issue and in asking for separate answers to each sub-paragraph, the jury was caused to assess double or overlapping damages; that Section E calls for compensation for diminished capacity to work and earn money and perform duties, while Sections A and B call for compensation for pain, and "there is no evidence in separating pain as an element of damages, as a separate item from pain as a causation of such incapacity or as an element of damage of such incapacity, and naturally pain is an element of any incapacity that the plaintiff, Ruth Benjamin, contends that she suffers." The testimony in the case described pain and swelling in Mrs. Benjamin's ankle—when she stands she suffers pain after awhile and therefore cannot perform her duties. There seems to be no testimony in the case regarding past or future pain as dissociated from past or future diminished ability to work or earn money or perform duties.

The appellant admits its objection would not be valid if the same issue had been submitted to the jury provided only one total dollar-amount was called for. Beaumont

Iron Works Co. v. Martin, 190 S.W.2d 491 (Tex.Civ.App.1945, ref. w. m.); Berwald v. Turner, 52 S.W.2d 112 (Tex.Civ.App., El Paso 1932, ref.); Texas Cities Gas Co. v. Ellis, 63 S.W.2d 717 (Tex.Civ.App., Waco 1933, no writ); Texas Utilities Co. v. Dear, 64 S.W.2d 807 (Tex.Civ.App., Amarillo 1933, wr. dism.). Condemning the submission calling for separate dollar-amounts to each sub-paragraph on a similar objection are such authorities as International-Great Northern R. Co. v. King, 41 S.W.2d 234 (Tex.Com.App.1931, opinion adopted); the dictum in Allcorn v. Fort Worth & R. G. Ry. Co., 122 S.W.2d 341 (Tex.Civ.App., Austin 1938, wr. ref.); Lieck's Legal Trial Aid (2d ed.) 69; Vol. 3, McDonald, Texas Civil Practice, 1129.

Cases which have approved the separate answers to pain and to disability are as follows: Hill v. Texas, New Mexico & Oklahoma Coaches, 153 Tex. 581, 272 S.W. 2d 91 (1954); Jackson-Strickland Transp. Co. v. Seyler, Tex.Civ.App., 123 S.W.2d 928 (Tex.Civ.App., Ft. Worth 1938, dism. by agreement); City of Houston v. Holden, 336 S.W.2d 193 (Tex.Civ.App., Eastland 1960, wr. ref. n. r. e.); White v. McElroy, 350 S.W.2d 249 (Tex.Civ.App., El Paso 1961, wr. ref. n. r. e.); Smith v. Selz, 395 S.W.2d 692 (Tex.Civ.App., Ft. Worth 1965, wr. ref. n. r. e.). The standard form books for personal injury damages which used to put all elements of damage in one issue calling for one total dollar-amount, are now suggesting additional forms which call for separate dollar-amounts for pain and for disability. Stayton, Texas Forms with Practice Commentaries, Sec. 5040, p. 467; Smoot, Texas Special Issues in Injury Cases, Sec. 121.5, Pocket Parts, at p. 78; and, finally, the eagerly awaited Texas Pattern Jury Charges, Volume 1, p. 249.

The question now before this court has troubled practicing attorneys and trial judges for several years. The cases upholding the present form of submission have not generally had before them the objection now presented by the appellant. In most of the cited cases where the present form has been submitted, the objection has been made that there was no evidence to support an element of the damage, or that the award was excessive. In White v. McElroy (supra) by this court, the objection was that the submission was not supported by the pleadings, was a general charge, and a comment on the weight of the evidence. Only in the Jackson-Strickland Transp. Co. case (supra) was the double damage objection made to the pain and disability separate submission, and in that case a writ was granted which was later dismissed by agreement. However, it is noted that in the Hill case, supra, the Supreme Court, in 1954, struck out certain dollar answers which were defective without in any way mentioning that there was an overlapping or double submission.

The matter should rest with the sound discretion of the trial court and particularly where there is doubt as to whether one or more of the items are supported by the evidence. New trials or reversals and new trials can be eliminated. Too many cases have had to be reversed where all items of recovery are submitted to the jury with one answer where one item is not supported by the evidence. It appears further to us that if a conscientious jury, under the single-answer submission form, should take a piece of paper and calculate the amount of damages that should be awarded as items for each paragraph and then total the figures and answer the question by the one figure as directed by the court, that would not be error. It is the appellant's argument that if the trial court directed them to do it in the same manner, and submit separate answers, that is error. Common sense dictates to the contrary.

International-Great Northern R. Co. v. King (supra) cannot be said to have firmly established our law. An inspection of the charge there condemned discloses that it emphatically permits a double recovery, as pointed out in the Jackson-Strickland Transp. case, supra.

**260**

The problem is fairly and ably briefed in the Comment to the form above referred to in Texas Pattern Jury Charges, at page 249. Both the Committee, and Justice Calvert in his Foreword to that work, recognize that an occasional recommended issue may prove to be erroneous. However, we do not select this issue as being the first to be so condemned, and affirm the judgment of the trial court. The more reasonable attitude adopted by our courts today toward the participation of juries in the administration of justice over that which existed a generation ago supports this position.

The judgment of the trial court is affirmed.