**DELTA AIR LINES, INC., Appellant,**

v.

**Mildred GIBSON, Administratrix of the Estate of Thelma Eunice Green, Deceased, Appellee.**

**No. 6566.**

Court of Civil Appeals of Texas, El Paso.

March 30, 1977.

Opinion After Entry of Remittitur April 27, 1977.

Rehearing Denied April 27, 1977.

Rassman, Gunter & Boldrick, John E. Gunter, Midland, for appellant.

Michael L. Fostel, Glen Williamson, John R. Lee, Kermit, for appellee.

## OPINION

OSBORN, Justice.

This case arises from a fall sustained by an air line passenger while changing planes at Love Field in Dallas. Based upon jury findings, judgment was entered against Delta Air Lines, Inc., for damages arising from the personal injury sustained and for incurred medical expense. We affirm on condition of a remittitur.

On July 22, 1972, Thelma E. Green, age 69, a Kermit resident, flew from Midland to Shreveport to visit a sick sister. She traveled via Continental Air Lines to Dallas without incident. Although she felt fine on

arriving at Love Field, she got tired on the long walk to change planes, and was eventually taken by wheelchair to board the Delta flight to Louisiana. Because of some mechanical problems, the plane she had boarded was unable to make the scheduled flight and all passengers were required to change planes.

Mrs. Green was then escorted across the ramp and up the stairs by a Delta Passenger Service Agent. Then she was assisted by the wife of a Delta employee who was traveling on the same flight. While proceeding down an escalator, she fell at the last step and sustained the injuries resulting in this suit. According to the testimony of Mrs. Green, she fainted when she reached the bottom of the escalator. Mrs. Rogers, who was assisting her, thought she lost her balance and fell.

After the fall, a Delta Passenger Service Attendant took her by wheelchair to the second plane for her flight to Shreveport. There, she was taken by wheelchair to a car of relatives who met her at the airport. While in Louisiana, she was hospitalized on two occasions. She said before the fall she was a very active person, and thereafter she had to use a walker to get around.

After returning to Kermit, on March 11, 1975, she sustained a fall at home and was hospitalized. Hip surgery was performed and one of the doctors testified she was suffering from an old fracture which he concluded resulted from the fall at Love Field. She never recovered from the surgery and died on May 22, 1975. The doctor testified that: "She developed post-operatively a huge ulcer on her sacrum, and this didn't become evident until it broke open and this infection eroded into her spine canal, and this caused her encephalitis and killed her." Her daughter, as administratrix, was substituted as Plaintiff in this cause.

Delta presents five points of error contending that liability has not been established. It contends that the trial Court should have sustained its motions for an instructed verdict and for judgment non obstante veredicto, and that the Court erred in submitting special issues on its negligence to the jury.

■ While we recognize that Delta is not an insurer of the safety of its passengers, as a common carrier, it is required to exercise a high degree of care for its passengers. *Hill v. Texas, New Mexico & Oklahoma Coaches, Inc.,* 153 Tex. 581, 272 S.W.2d 91 (1954); *Garrett v. American Air Lines,* 332 F.2d 939 (5th Cir. 1964); 3 A.L.R.3d 930. This duty extends during the entire passenger-carrier relationship, and includes time spent on station premises and during boarding and unloading operations. *Fort Worth & D. C. Ry. Co. v. Kidwell,* 112 Tex. 89, 245 S.W. 667 (Tex.Comm'n App.1922, opinion adopted); *Brown v. American Airlines, Inc.,* 244 F.2d 128 (5th Cir. 1957), 61 A.L.R.2d 1108; *Tolson v. Pan American World Airways, Inc.,* 399 F.Supp. 335 (U.S.D.C.Tex. 1975).

While Delta has operating procedures which provide extra precautions for sick or disabled passengers when requested, no one used those procedures and the Air Lines was not advised of a need to provide special care for Mrs. Green. It contends that it had no knowledge of any infirmities on her part, and that in fact she did not know she was going to faint until she did in fact fall at the bottom of the escalator. Had a request for a wheelchair been made, that service would have been provided by a Passenger Service Agent.

The jury found that Delta failed to discover Mrs. Green's infirm physical condition when she got on its airplane, that it failed to discover her infirm physical condition when she was changing planes, and that it failed to provide her with a wheelchair when changing planes. Each of the three acts were found to constitute negligence and be a proximate cause of the occurrence in question.

■ While the evidence is disputed as to Delta's exact knowledge about Mrs. Green's physical condition, the jury could reasonably believe that a Delta employee took her to the first Delta plane in a wheelchair, thereby knowing of her infirm physical con-

dition. There is no dispute but that a Delta Passenger Service Agent helped her leave the first plane and go up to the concourse where she was to proceed to another gate to board the second plane. At that time, the wife of a Delta employee helped her until she fell. We believe a jury could reasonably conclude that Delta exercised a high degree of care in assisting Mrs. Green from the plane and to the concourse, but was not exercising such care when she fell. If Delta was not aware of her need for assistance, it seems most unlikely that a Passenger Service Agent would have assisted her as he did on this occasion. The jury could have concluded that had such assistance continued all the way to the second plane, she would not have sustained a fall on the escalator. While Delta did exercise care for her safety, we conclude that there is sufficient evidence to support jury findings that it did not exercise a high degree of care and was negligent.

 We also believe the evidence was sufficient to establish the issue of foreseeability. All that is required is that the injury be of such a general character as might reasonably have been anticipated. *Motsenbocker v. Wyatt,* 369 S.W.2d 319 (Tex.1963). If Delta knew she needed assistance out of the first plane and up to the concourse, certainly the company should have foreseen that the use of the escalator would be even more of a hazard than just walking down the concourse, and it could be a real danger to a 69-year-old lady. Appellant's Points of Error 3 through 7 are overruled.

Appellant asserts in its first and second points of error that the trial Court erred in permitting the administratrix to testify as to the medical bills and expense incurred by Mrs. Green, and in entering judgment upon a jury finding as to the amount of those bills when there was no proof that such expense was reasonable and necessary.

At a hearing in chambers before the trial began, objections to certain deposition testimony were considered and acted on by the trial Court. Appellant objected to testimony in Mrs. Green's deposition concerning her medical bills. At that point, it was evident counsel for Appellee was not prepared to prove that all of the medical bills were reasonable and necessary. Nevertheless, the trial Court stated that it would let the evidence be introduced.

 Mrs. Gibson, the administratrix, testified, over objection by Appellant's counsel, that the medical bills incurred by her mother totalled $12,125.98. Part of this expense had been incurred in Louisiana and the remainder in Kermit. Dr. Gibson, husband of the administratrix, testified that the bills were a result of the fall in 1972. But, there was no evidence that any of the bills were for treatment that was necessary or that the amounts were reasonable. The Court entered judgment against Appellant for $12,125.98 for medical expense (Special Issue No. 11), and for $20,000.00 for pain and suffering and disability (Special Issue No. 10). Clearly, this was error. In *Dallas Railway & Terminal Company v. Gossett,* 156 Tex. 252, 294 S.W.2d 377 (1956), the Court said:

"* * * it is now well settled that proof of the amounts charged or paid does not raise an issue of reasonableness, and recovery of such expenses will be denied in the absence of evidence showing that the charges are reasonable. *Wheeler v. Tyler, S. E. R. Co.,* 91 Tex. 356, 43 S.W. 876; *Houston, E. & W. T. R. Co. v. Jones,* Tex.Civ.App., 1 S.W.2d 743 (wr. ref.); Annotation 82 A.L.R. 1325, and authorities cited therein. We hold that testimony showing only the nature of the injuries, the character of and need for the services rendered, and the amounts charged therefor does not constitute evidence of probative force that the charges are reasonable."

This rule has been consistently followed by our Courts. *Coca-Cola Bottling Company of Plainview v. White,* 545 S.W.2d 279 (Tex. Civ.App.—Waco 1976, no writ); *American Central Insurance Company v. Melton,* 389 S.W.2d 177 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.); *Texas & Pacific Railway Company v. Leatherman,* 351 S.W.2d 633 (Tex.Civ.App.—Eastland 1961, writ ref'd n.

**314**

r. e.), and *Davis v. Safeway Stores, Inc.,* 532 F.2d 489 (5th Cir. 1976). Appellant's Points of Error 1 and 2 are sustained.

Next, we must determine what our judgment should be as a result of the error in admitting the medical bills and entering judgment based upon the jury finding. Appellee urges that if such evidence was not admissible, the error may be cured by a remittitur for the amount of such medical bills. Appellant urges that the error was so harmful as to affect the jury finding on the other damages sustained and that a new trial should be ordered. Clearly, that part of the judgment based upon the answer to Special Issue No. 11 is erroneous. The next question is whether the inadmissible evidence was reasonably calculated to probably cause an improper answer to Special Issue No. 10.

Under Rule 434, Tex.R.Civ.P., the complaining party has the burden of showing at least that the error probably resulted to its prejudice. *Texas Power & Light Co. v. Hering,* 148 Tex. 350, 224 S.W.2d 191 (1949). The Rule does not require that the complaining party demonstrate that but for the error, a different judgment would have resulted. *Pittman v. Baladez,* 158 Tex. 372, 312 S.W.2d 210 (1958). "If the erroneously admitted testimony had such force as would be reasonably calculated to have affected the jury finding in question, the complaining party has suffered harm through the error and he is entitled to a reversal on appeal." *McCarty v. Gappelberg,* 273 S.W.2d 943 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n. r. e.).

We conclude that the testimony that Mrs. Green incurred over $12,000.00 in medical expense was reasonably calculated to have affected the jury finding as to the amount of damages to be awarded for pain and suffering and physical impairment. Having considered the whole record, we believe such error can be cured by a proper remittitur. Accordingly, the judgment of the trial Court for $32,125.98 will be affirmed upon the Appellee filing with the Clerk of this Court a remittitur of $15,-000.00 within fifteen (15) days from the date of this opinion. Otherwise, the case will be reversed and remanded for a new trial.

## OPINION AFTER ENTRY OF REMITTITUR

On the 8th day of April, 1977, the Appellee filed a remittitur of $15,000.00 in compliance with the suggestion of remittitur in our opinion of March 30, 1977. On this date, the trial Court's judgment in favor of Mildred Gibson, Administratrix of the Estate of Thelma Eunice Green, Deceased, is reformed by deducting $15,000.00 from the judgment, and as so reformed, the judgment of the trial Court is affirmed.